Charles E. Lyons II, V-76614
C.S.P. Solano (12-229)
P.O. Box, 4000
Vacaville, Ca. 95696

Petitioner IN PRO SE

FILED

08 JUL -3 AM 11: 33

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 08  3205

CHARLES EDWARD LYONS, II )
                          )
             Petitioner,  )   CASE No._____
                          )
        -vs-              )   MOTION FOR APPOINTMENT
                          )   OF COUNSEL FOR FEDERAL
D.K. SISTO, Warden,       )   HABEAS CORPUS PROCEEDING
a person having custody   )
of petitioner,            )
             Respondent.  )
_____)

TO THE HONORABLE JUDGES OF THE ABOVE-ENTITLED COURT:

Petitioner hereby moves this court for an order appointing counsel pursuant to 28 U.S.C. § 1915 and 18 U.S.C. 3006a. Petitioner is without funds to hire counsel and without funds to pay cost for investigators.

Petitioner hereby declares that his assets are $ 0.0, and his income, if any, is $ 0.0, per month. Petitioner is currently incarcerated California State Prison Solano at Vacaville, California.

Petitioner also requests counsel so that his interests may be protected and be afforded due process of law by the professional assistance due to the complexity of these issues involved. Petitioner avers he has set fourth a **Prima Facie** case for relief. Petitioner is a layman of the law.

-1-

Petitioner requests counsel in order that counsel may prepare for an evidentiary hearing and/or requests for discovery.

Petitioner declares under penalty of perjury that the foregoing is true and correct. Executed this 20TH day of June, 2008, at California State Prison Solano, at Vacaville, California.

                                                    */s/ Charles E. Lyons*
                                                    Charles E. Lyons, II
                                                    Petitioner IN PRO SE

POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR APPOINTMENT OF COUNSEL
IN FEDERAL HABEAS CORPUS PROCEEDING.

Although ordinarily a habeas petitioner has no absolute right to counsel in a federal habeas proceeding, counsel **must** be appointed if (a) an evidentiary hearing is necessary (Rules Governing Habeas Petitions Number 8, subdivision (c),); (b) if counsel is necessary for the effective use of discovery procedures (Rules Governing Habeas Petitions number 6, subdivisions (a) or (c)); or (c) if required in order to afford due process under the circumstances of the case. Eskridge v. Rhay (9th Cir. 1965) 345 F.2d 778, 782. Due process may, for example, require the appointment of counsel when the issues are very complex. Dillon v. United States (9th Cir. 1962) 307 F.2d 445.

Federal judges and magistrates have the discretionary power to appoint counsel to represent indigent habeas corpus petitioners. 28 U.S.C. 1915, subdivision (d), 28 U.S.C. 2254, subdivision (h), and 28 U.S.C. 3006A. The district court may appoint counsel in a habeas corpus case to represent an indigent if it finds "that the interests of justice so require." 18 U.S.C. 3006A. In deciding whether to appoint counsel the district court will evaluate the likelihood of success on the merits as well as the petitioner's ability to articulate his or her claims pro se in light of the complexity of the legal issues involved. Weygandt v. Look (9th Cir. 1983) 718 F.2d 952; Bashor v. Risley (9th Cir. 1984) 730 F.2d 1228, 1234; Fendler v. Goldsmith (9th Cir. 1983)

-3-

1  728 F.2d 1187, 1190.
2      A habeas petitioner's inability to investigate crucial
3  facts (Richardson v. Miller (W.D.Mo. 1989) 721 F.Supp. 1087),
4  or the case is likely to require the assistance of experts
5  either in framing or trying the claims (Paradis v. Arave (D.
6  Idaho 1987) 667 F.Supp. 1361, 1364-1365.)
7      Counsel may be required for preparing for an evidentiary
8  hearing and or discovery. See Swazo v. Warden (10th Cir. 1994)
9  23 F.3d 332, 333; Porcaro v. United States (1st Cir. 1987)
10 832 F.2d 208, 210-211.
11     For the foregoing reasons petitioner should be appointed
12 counsel.

-4-

Case 3:08-cv-03205-CRB    Document 3    Filed 07/03/2008    Page 5 of 5