IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES E. LYONS II,                          )
                                              )
                    Petitioner,               )        No. C 08-3205 CRB (PR)
                                              )
        vs.                                   )        ORDER DENYING PETITION
                                              )        FOR A WRIT OF HABEAS
D. K. SISTO, Warden,                          )        CORPUS
                                              )
                    Respondent.               )
_____ )

        Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254

challenging his guilty plea in Santa Clara County Superior Court.  Petitioner

claims that the plea was not voluntary and intelligent because counsel misadvised

him as to the maximum sentence he could have received if convicted after a trial.


                          **STATEMENT OF FACTS**

        On January 21, 2004, Petitioner was driving a motorcycle and the victim,

Vanessa Valles, was riding with him.  Clerk's Tr. at 298-99.  A California

Highway Patrol officer attempted to initiate a traffic stop because the motorcycle

did not have a rear license plate.  Id. at 298.  When the officer turned on his lights

and siren, Petitioner sped up and attempted to evade him.  Petitioner led the

officer on a three-mile, high-speed chase, driving in excess of 100 miles per hour.

Id. at 298-99.  Eventually, Petitioner collided with another vehicle and was

arrested.  He had 1.8 grams of marijuana in his front pants pocket.  Id. at 299.

Valles lost consciousness and was transported to the hospital.  She was found to have suffered multiple fractures to her pelvis and ribs.  Petitioner was not injured.  Id. at 300.  Valles told the officer that she was riding with Petitioner when she heard the siren and Petitioner began to accelerate.  Valles said that she screamed at Petitioner to stop during the entire chase, and that she contemplated jumping off the motorcycle when Petitioner slowed to turn onto cross streets, but she was too scared to do so.  Id. at 300.

## STATEMENT OF THE CASE

On February 20, 2004, the Santa Clara County District Attorney charged Petitioner with five counts: (1) eluding a pursuing police officer and proximately causing serious bodily injury, Cal. Veh. Code § 2800.3; (2) kidnapping Valles, Cal. Penal Code § 207(a); (3) false imprisonment of Valles, Cal. Penal Code §§ 236, 237; (4) misdemeanor driving on a suspended license, Cal. Veh. Code § 14601.1(a); and (5) misdemeanor possession of marijuana while driving, Cal. Veh. Code § 23222(b).  Petitioner was further alleged to have personally inflicted great bodily injury upon Valles in connection with counts one, two and three, and to have  suffered one prior serious felony conviction, one prior strike conviction and four prior prison terms.

On July 14, 2004 Petitioner pleaded guilty to counts one, three and five, and admitted the enhancements.  In exchange, the prosecution dismissed counts two and four.  The prosecution also moved to dismiss a duplicative prison prior, which the court granted.

On January 7, 2005, the court denied Petitioner's motion to withdraw his plea and, on April 21, 2005, sentenced him to fifteen years in state prison.

/

2

On June 20, 2006, the California Court of Appeal affirmed the judgment of the trial court and, on September 27, 2006, the California Supreme Court denied review.

On July 3, 2008, Petitioner filed the instant federal habeas petition and, on November 24, 2008, the court ordered Respondent to show cause why a writ of habeas corpus should not be granted under 28 U.S.C. § 2254.  Respondent has filed an answer and Petitioner has filed a traverse.

## STANDARD OF REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposes "a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus."  Williams v. Taylor, 529 U.S. 362, 412 (2000).  The purpose of AEDPA is "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002).  The statute's "highly deferential" standard for evaluating state court rulings "demands that the state court decisions be given the benefit of the doubt."  Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam).

Under AEDPA, federal habeas relief is unavailable unless the state court's adjudication was either contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  28 U.S.C. § 2254(d)(1).  A state court's decision is "contrary to" Supreme Court precedent if the state court "applies a rule that contradicts the governing law set forth in our cases," or reaches a different conclusion based on facts indistinguishable from a Supreme Court case.  Williams, 529 U.S. at 405-06.  A state court's decision constitutes an "unreasonable application" of Supreme Court precedent if the state court

3

identifies the correct governing legal principles, but the application of law to the facts is objectively unreasonable.  Id. at 409-10.

## DISCUSSION

Petitioner claims that his plea was not voluntary and intelligent because counsel misadvised him as to the maximum sentence he could have received if convicted of all charged offenses and if all enhancement and prior allegations were found to be true.  The claim is without merit.

**A.     Background**

On the second day of trial, a plea bargain was reached.  Petitioner agreed to plead guilty to counts one, three and five, and to admit the enhancements and priors.  In exchange, the prosecution agreed to dismiss counts two and four.  The prosecution also moved to dismiss one duplicative prison prior and the court granted the motion.  There was no agreement as to what sentence would be imposed.

Before Petitioner entered his plea, the following colloquy occurred:

> THE COURT:  . . . [N]o specified offer is being made with respect to sentencing, however I believe the parties have agreed and acknowledged that this changes the maximum potential sentence from 30 years four months as the case is currently charged to a maximum potential term of 22 years and four months in state prison.  Is that correct?
>
> [THE PROSECUTOR]:  Yes, Your Honor, although I believe I miscalculated the previous maximum.  I believe it's 29 eight as opposed to 30 eight.
>
> [DEFENSE COUNSEL]:  I thought it was 30 years four months and I still think that's correct.
>
> [THE PROSECUTOR]:  I don't think it makes a difference.

Rep. Tr. at 42-43.  Petitioner then waived his rights and pled guilty.

4

Before sentencing, Petitioner secured new counsel and moved to withdraw his plea, claiming that he had been misadvised about the maximum sentence he was facing and, had he been properly advised, he would have insisted on going to trial. According to Petitioner's motion, the correct maximum sentence was twenty-six years and eight months, because California Penal Code § 654 would have required a stay of the three-year sentence enhancement for which Petitioner was charged for personally inflicting great bodily injury in connection with both the kidnapping and false imprisonment counts.[1]

On December 23, 2004, the court held a hearing on Petitioner's motion. Petitioner testified that defense counsel initially advised him that his maximum exposure was thirty-four years and later told him that it was thirty years. Petitioner testified that during his initial conversations with counsel, he was "adamant" about going to trial because he felt he was innocent. Rep. Tr. at 97. Petitioner further testified that on the day of trial he had a discussion with defense counsel about pleading guilty and that defense counsel told him that a motion to dismiss the prior "strike" under People v. Superior Court (Romero), 13 Cal. 4th 497 (1996), would likely be granted and that Petitioner should "take [his] chance." Id. at 98. Petitioner admitted that he heard the prosecutor indicate a lower maximum sentence at the time of the plea, but that Petitioner did not say anything because he was "confused." Id. at 100. Petitioner testified that had he known that his maximum sentence was twenty-six years and eight months, he would have gone to trial.

On cross-examination, Petitioner testified that the three-year difference in his maximum sentence was one of "many" factors which induced him to plead

---

[1]Section 654 precludes multiple punishments for the same act or omission under different provisions of the law. Cal. Penal Code § 654(a).

5

guilty. Id. at 102. He also testified that even if the maximum were actually twenty-nine years and eight months, he would not have pleaded guilty. He claimed that the eight-month difference between what defense counsel and the prosecutor stated at the time of the plea "had bearing" on his desire to withdraw his plea. Id. at 106. Petitioner was also concerned with his witnesses not being present and the fact that his attorney was getting married and did not have his "heart and soul" in the case. Id. Petitioner admitted that the quality of his attorney's representation "was more of a concern" in his desire to change his plea. Id. at 107.

Defense counsel testified that it was possible that he had, at some point, told Petitioner that his maximum exposure was thirty-four years. But after researching the sentencing issues, he believed Petitioner's maximum was thirty years and four months, as he stated on the record at the time of the plea. Counsel testified that he had intended to take the case to trial, but that as he investigated further, he discovered information that was a "double-edged sword" in terms of the defense. Id. at 120-121. He recalled advising Petitioner on the day of trial that based on the "dangers of the case," Petitioner should accept the plea offer and work diligently on the Romero motion. Id. at 125.

**B.    Trial Court's Decision**

On January 7, 2005, the trial court denied the motion to withdraw the plea:

> Before entering into the plea agreement which resulted in defendant's change of plea in this case, he stood charged in five counts with felony violations of PC § 207(a), § 236-237, and VC § 2800.3; and misdemeanor violations of VC § 14601.1(a) and § 23222(b). In addition, it was alleged that defendant had suffered one prior conviction within the meaning of PC § 667(a), one "Strike" prior under § 667(b-i)/1170.12, and three prison priors under § 667.5(b). Thus, defendant faced the possibility of a maximum prison term totaling 29 years and 8 months. . . .

6

Defendant was offered a disposition that included dismissal of the charges in Counts Two and Four, thus changing his maximum exposure to 22 years and 4 months - a reduction of at least 7 years and 4 months, and possibly more, since no minimum term was specified as part of the agreement.  Defendant then entered guilty pleas to the felony charges in counts one (VC § 2800.3) and three (PC § 236-237) and to the misdemeanor charge in found five (VC § 23222(b)).  He also admitted the allegations of the prior convictions.

At the time the plea was entered, counsel for defendant indicated on the record his belief that defendant's maximum exposure before the agreement was 30 years and 4 months.  The District Attorney responded on the record by reiterating that before the dismissal of charges, defendant's actual maximum term was 29 years and 8 months, a mere 8 month disagreement.

Thereafter in his motion to set aside the plea, new counsel for defendant suggested that the original maximum exposure never exceeded 26 years and 8 months.  This is based on the argument that defendant could not be sentenced for the violation in count one (VC § 2800.3), which includes an element of serious bodily injury, and also for the great bodily injury enhancement in count three (PC § 12022.7), as it would constitute a dual use of facts.  This argument is without merit, and counsel's calculation is incorrect.

Defendant asserts, in testimony and through oral declaration filed in support of his motion, that he was mis-advised of the consequences of his plea, and that he would not have entered his guilty pleas if properly advised.  Based on the conflicts in defendant's statements, the multiplicity of explanations offered for the change of plea and in support of his desire to withdraw that plea, I find that he is not credible. It is abundantly clear that defendant suffers not from confusion or mis-advisement, but from nothing more than a case of buyer's remorse.  The eight month difference in counsel's position at the time of the guilty pleas regarding maximum exposure on the original charges is neither significant nor dispositive.

Clerk's Tr. at 209-11.  In essence, the court rejected Petitioner's testimony, the only direct evidence on the subject, that he would not have entered his guilty plea and would gone to trial had he been made aware of his true maximum sentence exposure.

1

**C.      Court of Appeal's Decision**

2              On appeal, Petitioner claimed that he received ineffective assistance of

3       counsel because counsel misadvised him about his maximum sentence exposure.

4       The California Court of Appeal rejected the claim on the ground that Petitioner

5       "fail[ed] to show prejudice as a result of ineffective assistance" and "failed to

6       show that counsel performed at a deficient level." People v. Lyons, No.

7       H028810, 2006 WL 1689266, at *14 (Cal. Ct. App. June 20, 2006).

8              The court of appeal explained:

9              [I]n order to demonstrate ineffective assistance, a defendant must
               show not only counsel's deficient performance, but also that he was
10             prejudiced by it, i.e., there is a reasonable probability that but for it,
               he would not have entered his plea. (*In re Alvernaz*, [2 Cal. 4th
11             924, 934 (1992)) Here, the trial court's factual finding that
               defendant had merely had a change of heart about his plea
12             necessarily refutes that he had entered it as a result of a mis-
               advisement by counsel. Thus, even if there had been a mis-
13             advisement, defendant did not demonstrate that he was prejudiced
               by it. But, we further conclude that defendant failed to make a
14             showing of the first prong of an ineffective assistance claim -
               counsel's deficient performance.
15
               . . . .
16
               . . .[G]iven the unsettled state of the law concerning the application
17             of section 654 to enhancements generally, and in particular,
               whether this section would have required a stay of the three-year
18             great bodily injury enhancement had defendant been convicted, his
               prior counsel did not render ineffective assistance by failing to
19             advise him that his maximum sentence exposure was actually three
               years less.
20
               It is true that defense counsel must communicate accurately to a
21             defendant the maximum and minimum sentences that may be
               imposed in the event of a conviction in the context of evaluating
22             whether to accept a plea bargain, as well as the consequences of not
               doing so. But an attorney's simple misjudgment as to the sentence
23             a defendant may receive upon conviction, among other matters that
               involve the exercise of counsel's judgment, will not, without more,
24             give rise to a claim of ineffective assistance of counsel. (*In re
               Alvernaz*, *supra*, 2 Cal. 4th at 937.) Here, it is undisputed that
25             defendant's counsel erred by eight months in his representation to
               defendant concerning his maximum sentence exposure. But we
26             conclude that the trial court did not err in finding that this eight
               month differential was neither "significant nor dispositive."
27

28                                              8

1

2

> Accordingly, not only did defendant fail to show prejudice as a result of ineffective assistance, he also failed to show that counsel performed at a deficient level.

3    People v. Lyons, 2006 WL 1689266, at **10, 13-14.

4

5    **D.    Analysis**

6         The California Court of Appeal's rejection of Petitioner's ineffective

7    assistance of counsel claim was not contrary to, or involved an unreasonable

8    application of, clearly established Supreme Court precedent, or was based on an

9    unreasonable determination of the facts.  See 28 U.S.C. § 2254(d).

10        A defendant who pleads guilty upon the advice of counsel "may only

11   attack the voluntary and intelligent character of the guilty plea by showing that

12   the advice he received was not within the range of competence demanded of

13   attorneys in criminal cases."  Tollett v. Henderson, 411 U.S. 258, 267 (1973).

14   To demonstrate ineffective assistance of counsel, a defendant must show both

15   that his counsel's performance was deficient and that the deficient performance

16   prejudiced his defense.  Strickland v. Washington, 466 U.S. 688, 687 (1984).

17   The two-part Strickland test "applies to challenges to guilty pleas based on

18   ineffective assistance of counsel."  Hill v. Lockhart, 474 U.S. 52, 58 (1985).  In

19   order to establish ineffective assistance of counsel here, Petitioner must show that

20   the advice he received from counsel was not within the range of competence

21   demanded of attorneys in criminal cases and that there is a reasonable probability

22   that, but for counsel's errors, he would not have pleaded guilty and would have

23   insisted on going to trial.  Id. at 58-59.

24        Here, defense counsel incorrectly advised Petitioner that his maximum

25   exposure was eight months more than the actual maximum.  But the prosecutor

26   corrected that misadvisement on the record before Petitioner entered his plea.

27

28                                         9

1   Under these circumstances, it cannot be said that the state court unreasonably

2   determined that counsel's eight-month error did not prejudice Petitioner.  Cf.

3   Womack v. Del Papa, 497 F.3d 998, 1003-04 (9th Cir. 2007) (no prejudice from

4   counsel's inaccurate prediction of sentence where defendant was informed of

5   correct maximum sentence by plea agreement and judge's statements).

6          Petitioner's claim that his true maximum sentence was actually three years

7   less than advised by the prosecutor does not compel federal habeas relief either.

8   Because the issue of whether California Penal Code § 654 would have required a

9   stay of the three-year sentence enhancement for personally inflicting great bodily

10  injury was unsettled in the state courts, it cannot be said that the state court

11  unreasonably determined that counsel did not render ineffective assistance  by

12  failing to advise Petitioner that his maximum sentence was actually three years

13  less.  Cf. Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1986) (a "mere inaccurate

14  prediction" by counsel not ineffective assistance unless it amounts to a "gross

15  mischaracterization" of the likely outcome of a plea bargain).[2]

16         In any event, the state trial court found that, regardless of whether the

17  misadvisement was eight months or three years, Petitioner was not prejudiced.

18  After an evidentiary hearing, the court determined that Petitioner's contention that

19  he would have gone to trial had he been advised that his maximum sentence

20  exposure was twenty-six years and eight months (rather than twenty-nine years

21  and eight months) was not credible and that he was simply suffering from

22  "buyer's remorse."  This factual determination must be presumed correct unless

23  Petitioner rebuts the presumption of correctness by clear and convincing

24  evidence.  See 28 U.S.C. § 2254(e)(1); Sophanthavong v. Palmateer, 378 F.3d

25

26         [2]See also Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990)
    (no ineffective assistance where counsel told defendant he would receive 12-year
27  prison term if he pleaded guilty and court sentenced him to 15 years).

28                                                  10

1  859, 867 (9th Cir. 2004).  He does not.  Indeed, as the state court recognized,

2  Petitioner's testimony demonstrated that his decision to accept the plea offer was

3  not only motivated by his belief in the maximum sentence as indicated by

4  counsel, but also by concerns regarding the defense witnesses, the preparation of

5  defense counsel, and the hope of having one of his prior strikes dismissed by the

6  court.  Moreover, the prosecutor's offer of a twenty-two-year and four-month

7  maximum was a significant benefit, and Petitioner ended up receiving even less

8  time – a fifteen-year aggregate sentence.  Whether Petitioner's maximum

9  sentence exposure was twenty-six years and eight months, or twenty-nine years

10 and eight months, Petitioner received a substantial reduction in his total sentence

11 by following counsel's advice to accept the plea bargain.  Petitioner is not entitled

12 to federal habeas relief on his claim of ineffective assistance of counsel.  See 28

13 U.S.C. § 2254(d); Hill, 474 U.S. at 58-59 .

14

15                                   **CONCLUSION**

16         For the foregoing reasons, the petition for a write of habeas corpus is

17 DENIED.  The clerk shall enter judgment in favor of Respondent, terminate all

18 pending motions as moot and close the file.

19 IT IS SO ORDERED.

20 DATED:   July 24, 2009

                                          CHARLES R. BREYER
21                                        United States District Judge

22

23

24

25

   G:\PRO-SE\CRB\HC.08\Lyons, C1.denial.wpd
26

27

28                                       11